# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES PICKETT**
**PLAINTIFF, PRO SE,**

Case No. _____

vs.

**EXECUTIVE PREFERENCE CORPORATION**
**DEFENDANT**

6:05-CV-1128-ORL-31DAB

_____/

## COMPLAINT

**COMES NOW,** James Pickett, pro se, plaintiff in the above styled matter and enters this COMPLAINT against Executive Preference Corporation, (EP) a Florida for Profit Corporation, Document Number: P04000133224, with principal physical address at 10387 Gandy Blvd., St. Petersburg, Florida 33702 with Registered Agent denominated as Stephen Simone, CPA, 6439 Central Avenue, ST. Petersburg, FL 33710-8411 and in furtherance does state:

### RECITALS:

1. Plaintiff, James Pickett (Pickett), has attained majority and is a resident of the Middle District of Florida, Orange County, Florida;

2. Pickett is registered with the United States Copyright Office as the Author and Owner of the intellectual property contained within www.HottDiana.com (See, Exhibit A, Attached), including text, illustrations and photographs.

3. Pickett is registered with the United States Copyright Office as the Author and Owner of the intellectual property contained within www.MsJulia.com (See, Exhibit B, Attached), including text, illustrations and photographs.

4. Executive Preference Corporation (EP) is a Florida for Profit corporation registered in the State of Florida; Principal Office is located in the Middle District of Florida, Pinellas County, Florida (See, Exhibit C, Articles of Incorporation as filed with Florida Secretary of State, Attached).

5. Venue is properly laid in the Middle District of Florida.

6. United States Title §17 ¶504(c)(2) allows statutory damages up to $150,000 per infringement, thereby exceeding the court's financial threshold.

7. **ICANN** - Abbreviation for *Internet Corporation for Assigned Names and Numbers*, a nonprofit organization that has assumed the responsibility for IP address space allocation, protocol parameter assignment, domain name system management and root server system management functions previously performed (since 1998) under U.S. Government contract. (See, by internet, www.**icann**.org/ ).

## ALLEGATIONS COMMON TO ALL COUNTS

8. EP registered several domain names on or about April 1, 2005 with domain names of HottDiane.com, MistressRain.com, bdsmJulia.com and possibly others, as yet unknown to the Plaintiff (See, Exhibit D – EP ICANN Registrations, Attached).

9. During the period of March 31, 2005 to April 5, 2005, EP, by and through its agents did use a computer program {known as a 'spider', commercially available and marketed as "**Teleport Pro**" (See, Exhibit E – Teleport Pro, Attached)} to access the Internet computer network and remove data and proprietary

copyrighted files. Documentation of this allegation is voluminous and will be presented at discovery and court, consistent with paperwork reduction and conservation of resources.

10. EP did then place the 'taken' data and proprietary copyrighted files on the domains under its control (See, Exhibit E – Representative Comparative Graphics), full comparisons will be presented in discovery and at court.

11. Plaintiff became aware of the taking of intellectual property and made demand upon Kiristen Mcmanus, President and sole shareholder of EP (See, Exhibit C), to cease and desist from further use of intellectual property and copyright violations.

12. In a series of e-mails between Plaintiff, and EP's internet site hosting provider, Ms Mcmanus acknowledged the taking of copyrighted material, as alleged, but claimed a 'fair use as parody' of the material. Documentation is voluminous and is incorporated by reference, for conservation and paperwork reduction and will be presented at discovery. Essential, representative e-mail copies are included in Composite Exhibit G, Attached.

13. Plaintiff alleges, for all counts herein nominated, that:
    a. The Copyright laws apply to the Internet. Just because works are available on the Internet does not mean they are in the "public domain."
    b. Works published on the Internet enjoy the same copyright protection as other works, and;
    c. Copying a copyrighted work from the Internet without permission of the author constitutes infringement.

   d. The taking and use of copyrighted material did **NOT** fall within the purview of **fair use nor parody**, in that:

     1. "Fair use" is not an exemption to copyright law.

     2. The concept of "fair use" is a defense, which presumes that an infringement has occurred.

     3. "Fair use" generally encompasses areas such as criticism, comment, news reporting, or teaching.

     4. Plaintiff alleges that **EP's use** of the copyrighted material **fails in all** of these **areas**.

       1. The **purpose and character of use** of the infringed property is **commercial by EP**, to promote business interests of EP;

       2. The **nature of the copyrighted work** is artistic and **creative** in nature, not a mere tabulation of facts;

       3. The **amount and substantiality of the copyrighted work infringed** by EP is essentially direct reproduction of the copyrighted material, to produce, in essence, the totality of the infringing works; with only the removal of a few elements and links {from the copyrighted material} to produce the so-called 'parody' utilized by EP.

       4. The effect on the potential market of the copyrighted work is difficult to evaluate but significant in that independent third party accounting has shown an approximate 50% loss

of utilization (web traffic) of the original copyrighted material.

14. EP's **uses** of the copyrighted works were **willful, fully cognizant of the claim of copyright** and **continued after Plaintiff** demanded that EP **cease and desist** from continued use of the copyrighted materials (See, Composite Exhibit G).

15. Additionally, when informed by her new webmaster that certain works were being reproduced with the copyrighted material, rather than the parody identity, Mcmanus, President and Executive Officer of EP, informed her webmaster to take no corrective action and to continue to infringe upon the copyrighted materials (See, Exhibit H, Attached). Notice that the webmaster of the pirated copyrighted sites, failed, initially, to change copied materials and McManus' e-mail responses were directed to Plaintiff rather than infringing webmaster.

## COUNT I

16. Paragraphs One through Fifteen are re-alleged and incorporated by reference.

17. EP, by and through its owners, officers and agents, did establish the web site, www.HottDiane.com;

18. EP, by and through its owners, officers and agents, did remove Plaintiff's copyrighted material from the web site www.HottDiana.com;

19. EP, by and through its owners, officers and agents, did place the Plaintiff's copyrighted materials on the web site www.HottDiane.com;

20. With only minor changes to the copyrighted materials, EP, by and through its owners, officers and agents, did publish Plaintiff's copyright protected creative intellectual property;

21. Said copyrighted, creative intellectual property was presented in **MORE** than **SUBSTANTIAL SIMILARITY** as further herein stated and described;

22. Said copyrighted, creative intellectual property was presented **for COMMERCIAL purposes to PROMOTE THE DEFENDANT'S BUSINESS INTERESTS,** as further herein stated and described;

23. Said copyrighted, creative intellectual property was **NOT** presented in such manner as to create a **PARODY or CRITIQUE** of the original material, as further herein stated and described;

24. Said copyrighted, creative intellectual property was infringed in such manner that there can be **NO JUSTIFIABLE** claim of **FAIR USE** as further herein stated and described;

25. As further herein described, and as will be demonstrated at discovery, the publication of Plaintiff's copyrighted materials by Defendant constitutes a copyright infringement;

26. As further herein demonstrated, said infringement was willful, was acknowledged in Defendant's DMCA response and continued after demands to remove the copyrighted materials.

27. Defendant's infringement has damaged Plaintiff and violated Copyright protection offered by USC Title 17 Chapter 5.

## COUNT II

28. Paragraphs One through Fifteen are re-alleged and incorporated by reference.

29. EP, by and through its owners, officers and agents, did establish the web site, www.bdsmjulia.com;

30. EP, by and through its owners, officers and agents, did remove Plaintiff's copyrighted material from the web site www.MsJulia.com;

31. EP, by and through its owners, officers and agents, did place the Plaintiff's copyrighted materials on the web site www.bdsmjulia.com;

32. With only minor changes to the copyrighted materials, EP, by and through its owners, officers and agents, did publish Plaintiff's copyright protected creative intellectual property;

33. Said copyrighted, creative intellectual property was presented in **MORE** than **SUBSTANTIAL SIMILARITY** as further herein stated and described;

34. Said copyrighted, creative intellectual property was presented **for COMMERCIAL purposes to PROMOTE THE DEFENDANT'S BUSINESS INTERESTS,** as further herein stated and described;

35. Said copyrighted, creative intellectual property was **NOT** presented in such manner as to create a **PARODY or CRITIQUE** of the original material, as further herein stated and described;

36. Said copyrighted, creative intellectual property was infringed in such manner that there can be **NO JUSTIFIABLE** claim of **FAIR USE** as further herein stated and described;

37. As further herein described, and as will be demonstrated at discovery, the publication of Plaintiff's copyrighted materials by Defendant constitutes a copyright infringement;

38. As further herein demonstrated, said infringement was willful, was acknowledged in Defendant's DMCA response and continued after demands to remove the copyrighted materials.

39. Defendant's infringement has damaged Plaintiff and violated Copyright protection offered by USC Title 17 Chapter 5.

## COUNT III

40. Paragraphs One through Fifteen are re-alleged and incorporated by reference.

41. EP, by and through its owners, officers and agents, did establish the web site, www.MistressJulia.com;

42. EP, by and through its owners, officers and agents, did remove Plaintiff's copyrighted material from the web site www.MsJulia.com;

43. EP, by and through its owners, officers and agents, did place the Plaintiff's copyrighted materials on the web site www.MistressJulia.com;

44. With only minor changes to the copyrighted materials, EP, by and through its owners, officers and agents, did publish Plaintiff's copyright protected creative intellectual property;

45. Said copyrighted, creative intellectual property was presented in **MORE** than **SUBSTANTIAL SIMILARITY** as further herein stated and described;

46. Said copyrighted, creative intellectual property was presented **for COMMERCIAL purposes to PROMOTE THE DEFENDANT'S BUSINESS INTERESTS,** as further herein stated and described;

47. Said copyrighted, creative intellectual property was **NOT** presented in such manner as to create a **PARODY or CRITIQUE** of the original material, as further herein stated and described;

48. Said copyrighted, creative intellectual property was infringed in such manner that there can be **NO JUSTIFIABLE** claim of **FAIR USE** as further herein stated and described;

49. As further herein described, and as will be demonstrated at discovery, the publication of Plaintiff's copyrighted materials by Defendant constitutes a copyright infringement;

50. As further herein demonstrated, said infringement was willful, was acknowledged in Defendant's DMCA response and continued after demands to remove the copyrighted materials.

51. Defendant's infringement has damaged Plaintiff and violated Copyright protection offered by USC Title 17 Chapter 5.

## RELIEF SOUGHT

52. INJUNCTIVE RELIEF: Plaintiff prays that the court will provide relief in the form of a permanent injunction of Executive Preferences, Corporation, its officers and directors and any assigns or subsequent individuals either natural or legal, to prevent them from displaying the proprietary copyrighted content which was taken from copyright protected computer network web sites, and in addition to Injunctive Relief;

53. MONETARY DAMAGES: Plaintiff asks the court to adjudicate, award and order that Executive Preference, Corporation, pay to Plaintiff a sum to be determined.

USC §17 ¶507 allows for the election of Statutory damages by the Plaintiff, for each count, at any time prior to final judgment. Plaintiff continues to attempt to accurately determine actual damages and will decide upon the ¶507 election in a timely fashion.

54. GENERAL PRAYER FOR RELIEF: Plaintiff asks that the court adjudicate and award all of the above requests and, additionally, does provide other such relief as it may find just and proper, including court fees, costs and expenses incurred in the prosecution of this matter.

**WHERE FOR,** Plaintiff asks, prays and moves the court to adjudicate this matter and Issue forth such ORDER that Defendant does pay unto Plaintiff all relief requested.

Dated this 1st day of August, 2005

*/s/ James Pickett*

James Pickett, Plaintiff
PO Box 6051
Winter Park, FL 32793-6051
(407) 671-5065

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES PICKETT

### DEFENDANTS
EXECUTIVE PREFERENCE CORPORATION

(b) County of Residence of First Listed Plaintiff   ORANGE, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   PINELLAS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
USC TITLE 17 CHAPTER 5
Brief description of cause:
COPYRIGHT INFRINGEMENT, MULTIPLE VIOLATIONS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >$50,000.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ----------NONE--------------   DOCKET NUMBER

DATE August 2005
SIGNATURE OF ATTORNEY OF RECORD
James Pickett   pro se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____