IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES PICKET,
    Plaintiff,

Case No.: 6:05-cv-1128-Orl-31DAB

vs.

EXECUTIVE PREFERENCE
CORPORATION,
    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS ACTION (AND MEMORANDUM OF LAW IN SUPPORT) AS A RESULT OF THE PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULE 3.05 AND AS A RESULT OF THE PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S ORDER DATED NOVEMBER 28, 2005 REGARDING THE FILING OF A CASE MANAGEMENT REPORT

The Defendant, EXECUTIVE PREFERENCE CORPORATION, by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida, hereby files this Motion to Dismiss Action (and Memorandum of Law in Support) as a Result of the Plaintiff's Failure to Comply with Local Rule 3.05 and as a Result of the Plaintiff's Failure to Comply with this Court's Order dated November 28, 2005 regarding the Filing of a Case Management Report, and in support of this Motion states as follows:

1. On November 15, 2005, this Court entered an Order to Show Cause directed to the Plaintiff in regard to the parties failure to file a Case Management Report within the time prescribed by Local Rule 3.05.

2. As a result of a Response to the Order to Show Cause that the Plaintiff filed, on November 28, 2005 this Court entered an Order and therein ordered the parties to file a Case Management Report by no later than December 23, 2005.

3. On December 12, 2005, the Plaintiff filed a Case Management Report that was prepared solely by him, that was prepared and filed without the involvement and participation of the Defendant's counsel, that was prepared and filed without any meeting whatsoever between the Plaintiff and the Defendant's counsel, and that was prepared and filed in violation of the applicable Federal Rules of Civil Procedure, Rule 3.05 of the Local Rules of the Middle District of Florida, and this Court's Order dated November 28, 2005.

4. While the Plaintiff has attempted to blame the Defendant's counsel for the fact that no case management meeting has ever taken place, the applicable Rules of Court, Orders of this Court, and Exhibits attached to this Motion all prove that the Plaintiff is 100% to blame for, and 100% responsible for, the fact that no case management meeting has ever taken place.

5. On November 17, 2005, the Plaintiff sent a fax to the Defendant's counsel and therein requested for the Defendant's counsel to inform him of the time that he "will be available in Orlando (prior to December 19) for the case management meeting required by the court" (see Exhibit "A").

6. On November 21, 2005, the Defendant's counsel responded to the November 17, 2005 fax from the Plaintiff by mailing the letter that is attached as Exhibit "B". In the letter, the Defendant's counsel questioned the Plaintiff as to "why" he was demanding that the case management meeting occur in Orlando and *in person*. Also in the letter, the Defendant's counsel advised the Plaintiff that Rule 26 of the Federal Rules of Civil Procedure does not require an *in person* meeting unless the Court orders the meeting to be *in person*, that Local Rule 3.05 does not require an *in person* meeting, that this Court ordered "lead counsel" to meet *in person*, and that because the Plaintiff is not "counsel" but instead an "unrepresented party" this Court has not ordered for the case management meeting to be conducted *in person*.

7. On November 27, 2005, the Plaintiff responded to the Defendant's counsel's letter dated November 21, 2005 by faxing the letter that is attached as Exhibit "C". In this letter, the Plaintiff made it clear that he would not participate in a case management meeting by telephone and that he would not participate in any case management meeting unless it was *in person* and conducted in Orlando.

8. Because this Court did not order the Defendant's "counsel" and the Plaintiff (who is an "unrepresented party") to meet *in person* for the case management meeting, it is clear that the Plaintiff is 100% to blame for the parties failure to have a case management meeting in time to file a Case Management Report by December 23, 2005 (it should be noted here that because the Plaintiff filed the Case Management Report on December 12, 2005, the parties still had eleven days to conduct the meeting and file the Case Management Report within the deadline set forth by this Court in the Order dated November 28, 2005).

9. Additionally, because this Court did not order for the case management meeting to take place in Orlando, it is clear for another reason that the Plaintiff is 100% to blame for the parties failure to have a case management meeting in time to file a Case Management Report by December 23, 2005. The Case Management Report that is attached to this Court's Order dated August 4, 2005 and that this Court ordered the parties to utilize states that "[counsel] will meet in the Middle District of Florida". As a result, even if the Plaintiff were considered "lead counsel", because the meeting could take place anywhere within the Middle District of Florida, the Plaintiff's demand for it to take place in Orlando coupled with his refusal to even discuss the possibility of it taking place at a different location within the Middle District makes it clear that he is 100% to blame for the parties failure to have a case management meeting in time to file a Case Management Report by December

23, 2005.

WHEREFORE, the Defendant, EXECUTIVE PREFERENCE CORPORATION, respectfully requests for this Honorable Court to grant this Motion and dismiss this action as a result of the Plaintiff's failure to comply with the applicable Court Rules and this Court's Order dated November 28, 2005 regarding the Filing of a Case Management Report.

### CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005 I electronically filed this <u>Motion to Dismiss Action (and Memorandum of Law in Support) as a Result of the Plaintiff's Failure to Comply with Local Rule 3.05 and as a Result of the Plaintiff's Failure to Comply with this Court's Order dated November 28, 2005 regarding the Filing of a Case Management Report</u> by using the CM/ECF system, which will not send a notice of electronic filing to the Plaintiff. Because a notice of electronic filing will not be sent to the Plaintiff, I certify that on this 19th day of December 2005 I mailed, by regular U.S. mail, a copy of this <u>Motion to Dismiss Action (and Memorandum of Law in Support) as a Result of the Plaintiff's Failure to Comply with Local Rule 3.05 and as a Result of the Plaintiff's Failure to Comply with this Court's Order dated November 28, 2005 regarding the Filing of a Case Management Report</u> to Plaintiff James Pickett, P.O. Box 6051, Winter Park, FL 32793-6051.

/s W. Bart Meacham
W. Bart Meacham, Esquire
Florida Bar No. 0043000
Attorney for the Defendant
412 E. Madison St., Suite 1111
Tampa, FL 33602
(813) 223-6334
Fax: (813) 221-0928
E-mail: wbartmeacham@yahoo.com

POB 6051
Winter Park, FL 32793-6051

# fax confidential

| | |
|---|---|
| To: | W. Bart Meacham |
| Fax Number: | 813-221-0928 |
| | |
| From: | James Pickett |
| Fax Number: | |
| Business Phone: | |
| Home Phone: | |
| | |
| Pages: | 6 |
| Date/Time: | 11/17/2005 9:06:07 PM |
| Subject: | Pickett v Executive Preference 05-CV1128 |

Please inform me of a time that you will be available in Orlando (prior to December 19) for the case management meeting required by the court.

Thank you,

James Pickett

Exhibit "A"

# W. Bart Meacham, Esquire

412 E. Madison St., Suite 1111
Tampa, Florida 33602
(813) 223-6334; (813) 221-0928 (facsimile)

---

November 21, 2005

James Pickett
P.O. Box 6051
Winter Park, FL 32793-6051

RE:  James Pickett v. Executive Preference Corporation
     Case No. 6:05-cv-1128-Orl-31DAB

Dear Mr. Pickett:

Please allow this letter to serve as my response to your fax dated November 17, 2005 wherein you requested that I advise you of "when" I will be in Orlando for the case management conference. Let me start by stating that I do not understand "why" you expect for me to travel to Orlando for our case management conference. Rule 26 of the Federal Rules of Civil Procedure does not require an *in person* meeting unless the Court orders it to be *in person*. Local Rule 3.05 does not require that we meet *in person*. With respect to the Court's Order and your apparent belief that the Court has ordered us to meet *in person*, I respectfully disagree as the Order requires "lead counsel" to meet *in person* and as you are not "counsel" but instead an "unrepresented party". Accordingly, I am available to meet with you via telephone on many dates and at many times in the near future. Please let me know "when" you are available for a telephonic meeting. On the other hand, if you intend to continue with your assertion that I am required to travel to Orlando to meet with you *in person*, please advise me in writing what Order, or Orders, or laws you believe support your assertion.

With respect to the method and manner that you are serving pleadings and papers on me, I am requesting that you immediately begin to serve me in a manner that is consistent with the Local and Federal Rules, or I will have no alternative but to file a motion to strike your pleadings and papers. More specifically, pursuant to Local Rule 1.07 you cannot merely fax papers and/or pleadings to me without also serving me in another manner that is permitted by Rule 5 of the Federal Rules of Civil Procedure. Because to date you have only faxed pleadings and papers to me, your attempted service on me has not been proper and legal.

Additionally, I have another problem with your faxing papers and pleadings to me. First, your faxes are barely legible and take a lot of time to decipher. Second, it is my position that you cannot fax

1

Exhibit "B"

pleadings and papers to me unless you also have a dedicated fax line. Because I have not yet been able to send a fax to you, I question whether you have a dedicated fax line. Please let me know at your earliest convenience if you have a dedicated fax line.

I will be looking forward to hearing from you in the near future in these regards.

Sincerely,

W. Bart Meacham

Enclosure

2

# *JAMES PICKETT*

November 23, 2005

W. Bart Meacham, Esq.
412 E. Madison St., Suite 1111
Tampa, FL 33602

Re: Pickett v Executive Preference    BY FAX AND **electronic delivery**
    Case No: 6:05-CV-1128

Dear Mr. Meacham:

In response to your letter of November 21, 2005:

The plain reading of the rules is that hearings and conferences may be telephonic; meetings are in person. After receiving your letter, I contacted the Clerk of the Court who confirmed that the Case Conference Meeting is to be in person, not by telephone. When you accepted representation of this case, you accepted the responsibility of complying with court rules. Again, I am asking when you will be in Orlando so that we may schedule the court required meeting.

While I prefer to correspond in writing, you are welcome to phone me but I cannot agree to intentionally violate a court order, as you requested.

I have faxed papers to you so that there would be no delay in delivering papers. I do not have a dedicated fax number but that does not prohibit my faxing papers to you. Faxes are sent directly from my computer so the resolution is dependent upon your receiving machine. This allows me to have a record that papers were sent and received by your machine.

Thank you for pointing out that you desire a separate form of delivery. I will comply with your request.

Sincerely,

James Pickett

Exhibit "C"