**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES PICKETT,**

           **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1128-Orl-31DAB**

**EXECUTIVE PREFERENCE**
**CORPORATION, KIRISTEN MCMANUS**
**and WEBMASTER J,**

           **Defendants.**
_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR SANCTIONS (Doc. No. 58)**
>
> **FILED:** **June 29, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff asserts that he obtained a subpoena for Oral Deposition with Production of Documents from the Clerk of Court on June 6, 2006, and served it on the attorney for the corporate defendant by certified mail, on June 8, 2006. According to Plaintiff, the subpoena, which has not been provided to the Court, required Defendant to appear on June 26, 2006, with documents, for deposition. Defendant did not do so, and sanctions are sought.

For its part, Defendant asserts that it never received any such subpoena, that counsel was not served with a Notice of Deposition nor properly consulted regarding scheduling, and that Plaintiff had been previously advised that defense counsel was going to be out of the country during late June. Defendant attaches various copies of emails and faxes which indicate that Plaintiff has been less than cordial in his dealings with counsel.

The motion is denied, as Plaintiff has failed to tender a copy of the subpoena he seeks to enforce. As pointed out by Defendant, the "proof" of service of the subpoena is, in fact, merely proof that an unidentified item was sent and received. The Court cannot enforce what is not before it. Moreover, it appears that no notice of taking deposition was served, as required, nor did Plaintiff comply with the requirements for obtaining documents from a party (thirty days notice pursuant to Rule 34, Fed. R. Civ. P.), or the requirements particular to the taking of a corporate deposition (Rule 30(b)(6), Fed. R. Civ. P.).

Additionally, and importantly, the motion fails to comply with Local Rule 3.01(g). Plaintiff asserts that "in accord with local rules of this court, Plaintiff sent facsimile message to Defendant counsel, . . .requesting justification for failure to appear at deposition. There has been no response to the facsimile message, at the time of filing of this motion." This is *not* the equivalent of a good faith conference required by the local rules. Local Rule 3.01(g) requires that the parties "confer," not send demands by facsimile. Notably, the rule provides: "A certification to the effect that opposing counsel was unavailable for conference before filing a motion is insufficient to satisfy the parties' obligation to confer."

From the attachments to the response to the motion, it appears that Plaintiff has taken the position that he will not speak with counsel, and repeatedly refers to counsel as a "liar." Such

-2-

incendiary imprecations violate Local Rule 2.04(h), which requires attorneys and litigants to "conduct themselves with civility and in a spirit of cooperation." In addition to being childish and unnecessary, such schoolyard taunts do not serve to advance the case and have no place in federal litigation. With respect to Plaintiff's refusal to communicate with defense counsel by phone, Plaintiff notes that "there is no court order that I speak to you [defense counsel] on the phone."

Plaintiff is **ordered** to cease the name calling and to comply with Local Rule 2.04(h), which necessarily includes communicating with counsel by telephone, when appropriate, or risk sanctions.

Should Plaintiff desire to take the corporation's deposition, Plaintiff shall communicate with defense counsel and schedule a convenient date for same. Plaintiff then shall serve a Notice of Taking Deposition, which complies with the federal rules. The Court fully expects that both sides will act with civility and restraint, as they cooperate to ready the matter for resolution. The Court will not hesitate to sanction any litigant or counsel who acts to obstruct or hinder the orderly flow of discovery and trial preparation in this matter. The motion for sanctions is **DENIED.**

> **MOTION:** **MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (Doc. No. 55)**
>
> **FILED:** **June 9, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 45-46 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the

light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1947). The Court construes the pleadings of a *pro se* litigant liberally.

The only ground advanced by this Defendant for dismissal is Plaintiff's failure to identify co-Defendant "Webmaster J" with particularity. This deficiency does not meet the standard for dismissal of the Complaint as to the moving Defendant. While fictitious party practice is not permitted by the Federal Rules of Civil Procedure, *Weeks v. Benton*, 649 F.Supp. 1297 (S.D.Ala.1986), the Eleventh Circuit has allowed a John Doe defendant to be joined until the *pro se* plaintiff had an opportunity to ascertain the real identity of the defendant. *Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992), *citing Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980) (allowing use of unnamed defendant where it was clear that discovery would uncover defendant's identity). The present ambiguity regarding the precise identity of Webmaster J (a matter likely to be resolved with discovery) does not preclude this Defendant from answering the Amended Complaint. It is **respectfully recommended** that the motion to dismiss be **denied.**[1]

**DONE** and **ORDERED** in Orlando, Florida on July 20, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Should discovery fail to uncover the identity of this defendant, any such denial is without prejudice to dismissing any claim against Webmaster J.