# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES PICKETT,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1128-Orl-31DAB**

**EXECUTIVE PREFERENCE
CORPORATION, KIRISTEN MCMANUS
and WEBMASTER J,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR RECUSAL (Doc. No. 63)**
>
> **FILED:** August 1, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff seeks recusal of the undersigned, alleging that "Magistrate Baker has deliberately violated Plaintiff's personal liberties and/or has wantonly refused to provide due process and equal protection to Plaintiff before the court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings, as overtly evidenced by his Order of July 20, 2006." At best, Plaintiff's motion does no more than express dissatisfaction with a ruling by this Court. Such is not sufficient to establish bias. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127

L.Ed.2d 474 (1994) ["judicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."]

The motion is without merit and therefore denied.

> **MOTION:**  **EXECUTIVE PREFERENCE CORPORATION'S MOTION FOR SANCTIONS (Doc. No. 67)**
>
> **FILED:** August 3, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** **MOTION FOR THE COURT TO FIND DEFENDANT IN CONTEMPT (Doc. No. 81)**
>
> **FILED:** August 16, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED, as moot, for the reasons set forth below**.

> **MOTION:** **PLAINTIFF'S SECOND MOTION FOR THE COURT TO FIND DEFENDANT EXECUTIVE PREFERENCE IN CONTEMPT (Doc. No. 82)**
>
> **FILED:** August 16, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**, **as moot, for the reasons set forth below.**

> **MOTION:** **RENEWED MOTION FOR CONTEMPT AND MOTION FOR SANCTIONS (Doc. No. 85)**
>
> **FILED:** September 11, 2006
> _____
> **THEREON** it is **respectfully recommended** that the motion be **GRANTED, in part.**

The Court notes that the motion is dated August 6, 2006, but was filed on September 11, 2006 and includes reference to events after the date set forth on the document. The Court assumes this to be a typographical error, but **Plaintiff is directed** to file a paper confirming the correct date of the motion, within 5 days of this Report.

As to the merits of the motion, Plaintiff has represented that Defendant Executive Preference Corporation ("EPC") has not complied with the Order to compel (Doc. No. 84), and the Court notes that the record supports a conclusion that Defendant Executive Preference Corporation has abandoned defense of this action. *See* Composite Exhibit A to Doc. No. 81, Exhibits to Doc. No. 85, and defense counsel's response to the motion, in which counsel notes:

> Because [counsel] has not been able to communicate with EPC, [counsel] has not been able to assist EPC in complying with this Court's Order regarding the production of documents. Because [counsel] is aware of no legal defense to EPC's failure to produce documents and failure to comply with this Court's Order, the undersigned counsel cannot lawfully object to the imposition by this Court of whatever sanctions are appropriate and just.

(Doc. No. 94 at 1-2).[1] As it is plain that Defendant Executive Preference Corporation has abandoned its defense and has failed to comply with a Court Order, it is **respectfully recommended** that the

---

[1] Although defense counsel asserts that Plaintiff did not comply with Local Rule 3.01(g), such is not persuasive under the circumstances, considering that EPC has ceased communication with its attorney.

Court strike its pleadings, and enter a default against it.  Absent any indication that the corporation intends to participate in this case, no lesser sanction will suffice.

> **MOTION:** **PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO RESPOND TO INTERROGATORIES (Doc. No. 88)**
>
> **FILED:** September 12, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.  In view of the foregoing, the motion is moot.  Moreover, as indicated in the response (Doc. No. 96), the Interrogatories (and the motion) are untimely.

> **MOTION:** **MOTION FOR THE COURT TO DISREGARD THE CORPORATE ENTITY (Doc. No. 89)**
>
> **FILED:** September 18, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In its motion, Plaintiff seeks relief for a cause of action which has not been pled and which has not been shown to be within the limited jurisdiction of this Court.  As the Florida Supreme Court has recognized, a proceeding to pierce the corporate veil in order to satisfy a judgment against a corporation is a separate legal cause from that of the main suit in which judgment is procured.  *Riley v. Fatt,* 47 So. 2d 769, 772 (Fla. 1950) (discussing proceedings supplementary to execution of judgment); *see also Carnes v. Fender,*  – So. 2d –, 2006 WL 1329695 (Fla. 4th DCA, May 17, 2006) (discussing remedy in the context of a suit filed for fraudulent conveyance, piercing the corporate veil and continuation of business/alter ego). To pierce the corporate veil [in Florida], a cause of action must plead "instrumentality and improper conduct." *Morris v. Bischoff*, 1997 WL 128114, * 8 (M.D.

-4-

Fla. 1997) (*quoting Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1117 (Fla. 1984)).  As stated by the Florida Supreme Court in *Riley:*

> In the absence of pleading and proof that the corporation was organized for an illegal purpose or that its members fraudulently used the corporation as a means of evading liability with respect to a transaction that was, in truth, personal and not corporate, [a plaintiff] cannot be heard to question the corporate existence but must confine his efforts to the remedies provided by law for satisfying his judgment *from the assets of the corporation*, if any can be found.

*Riley, supra,* 47 So. 2d at 773 (emphasis original).   Absent such allegations in this Complaint, Plaintiff's motion must be denied.

> **MOTION:   PLAINTIFF'S MOTION NISI RE: CONSTRUCTIVE SERVICE OF PROCESS AS TO MCMANUS (Doc. No. 90)**
>
> **FILED:        September 20, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

As for the remaining two Defendants, in his Response to the Court's Order to Show Cause as to why the case against them should not be dismissed for failure to prosecute (Doc. No. 76), Plaintiff seeks leave to constructively serve Kristen McManus and "Webmaster J," pursuant to Florida Statutes, Chapter 49.  (Doc. Nos. 80, 83).  Such constructive notice, however, is not available to establish *in personam* jurisdiction in a suit for damages for violation of copyright.  *See* Fla. Stat. § 49.011, *Gaskill v. May Bros., Inc.,* 372 So.2d 98, 100 (Fla.2d DCA 1979) ("Section 49.011, Florida Statutes (1977), describes the only types of actions in which constructive service of process may be employed, and no such action was alleged in the complaint."); *Bedford Computer Corp. v. Graphic Press, Inc.*, 484 So. 2d 1225, 1227 (Fla.1986) ("If constructive service must be used, then it confers only in rem or quasi in rem jurisdiction upon the court. A personal judgment against a defendant based

upon constructive service of process would deprive a defendant of his property without due process of law."); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286, fn.1 (11th Cir. 1985) ("The Florida statute sets forth thirteen types of actions in which service may be made by publication. Fla.Stat.Ann. § 49.011 (West Supp.1985). None of the categories involve a personal action for damages. Accordingly, in a negligence action for personal injuries service may not be made by publication [citation omitted].") Thus, Plaintiff may not use constructive service to personally serve McManus or the otherwise unidentified Webmaster J.

> **MOTION:** **MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 92)**
>
> **FILED:** **September 20, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Court notes that it appears that Plaintiff has since been able to personally serve McManus, albeit in an untimely fashion (Doc. No. 91). As McManus has not responded to the complaint served upon her, the motion for entry of clerk's default is **granted.** The motion for default judgment is **denied, without prejudice,** as untimely in that it was filed before a default was entered. Likewise, to the extent Plaintiff's paper entitled "Plaintiff's Election of Statutory Damages and Itemization of Infringements by Defendants and Request for Court's Determination of Award Per Statute" (Doc. No. 86) seeks entry of judgment against Executive Preference Corporation, it, too, is premature. In view of the foregoing rulings and recommendations, Plaintiff may file (if appropriate) a properly supported motion for entry of default judgment against the corporation and McManus, following the District Court's disposition of the recommendations in this Report.

As Plaintiff has not been able to personally serve Webmaster J, and it does not appear that additional time will yield a different result and constructive service is unavailable in this action, it is **respectfully recommended** that the action against Webmaster J be **dismissed, without prejudice.**

The two outstanding motions, Motion for Reconsideration of the District Court's Order on motion to strike (Doc. No. 77) and Motion to Vacate the Case Management and Scheduling Order (Doc. No. 78) remain for the District Court's consideration, to the extent not moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on September 25, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties