# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES PICKETT,**

            **Plaintiff,**

**-vs-**                                          **Case No. 6:05-cv-1128-Orl-31DAB**

**EXECUTIVE PREFERENCE CORPORATION, KIRISTEN MCMANUS and WEBMASTER J,**

            **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF RULE 55(B) DEFAULT JUDGMENT (Doc. No. 109)**
>
> **FILED:** **October 23, 2006**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, without prejudice.

Plaintiff seeks a default judgment against Defendants Executive Preference Corporation and Kristen McManus, consistent with a statutory election of damages (Doc. No. 86), in this copyright infringement action. For the reasons set forth herein, it is **respectfully recommended** that the motion be denied, without prejudice to renewal upon a proper showing.

### *BACKGROUND*

According to the allegations of the Complaint (Doc. No. 1), Plaintiff is registered with the United States Copyright Office as the author and owner of certain text, illustrations and photographs contained within the adult-oriented websites: www.HottDiana.com and www.MsJulia.com. Plaintiff alleges that Executive Preference "by and through its owners, officers and agents" established the website www.HottDiane.com ; removed Plaintiff's copyrighted material from the Diana website and placed the materials on the Diane site (Count I). Plaintiff asserts that the copying constitutes infringement and that the infringement was willful and for commercial purposes. In Count II, Plaintiff asserts that Executive Preference "by and through its owners, officers and agents" established the website www.bdsmjulia.com; removed Plaintiff's copyrighted material from the MsJulia site and placed the materials on the bdsmjulia site. Plaintiff asserts that the copying constitutes infringement and that the infringement was willful and for commercial purposes. Plaintiff asserts similar conduct with respect to a third website allegedly established by Executive Preference: www.MistressJulia.com (Count III). The Complaint seeks injunctive relief and monetary damages.

Plaintiff amended the Complaint, to assert a claim against McManus and "Webmaster J", with respect to the alleged copyright infringement (Doc. No. 51). Although an answer was filed, the Clerk entered defaults against Executive Preference and McManus, as directed by the Court (Doc. Nos. 99, 106). The claim against Webmaster J has been dismissed (Doc. No. 105). Plaintiff has filed a document which purports to set forth his claimed damages (Doc. No. 86) and seeks judgment for those damages, as well as claimed costs. No paper has been filed by either Defendant in response.

### *STANDARD OF REVIEW*

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages.  Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987).  A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).  If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

### *ANALYSIS*

*Liability*

As set forth above, Plaintiff has pled that Executive Preference and McManus willfully copied Plaintiff's copyrighted information and placed it on another website, for commercial purposes.  The Amended Complaint alleges that Plaintiff made demand upon McManus, President and sole shareholder of Executive Preference, to cease and desist from further use of the intellectual property, but that the use of the copyrighted materials continued after the demand (Doc. No. 51, Allegations 16, 19, 20). Plaintiff conclusorily avers that the infringement has damaged Plaintiff.  By application of the above standards of law, Defendants admit these well-pled allegations, all of which support a conclusion that, as alleged, they are liable for copyright infringement.

*Damages*

The complaint does not specify the exact amount sought for damages, however, it does reference entitlement to statutory damages under 17 U.S.C. § 504(c) for the copyright infringement

claim. In the motion and papers, Plaintiff elects statutory damages, in lieu of proving up actual damages. Plaintiff asserts, however, in unsworn and conclusory fashion, that there are 62 infringements on twenty web pages contained on the Defendants' two web sites, and claims that he is therefore entitled to an award of $9,300,000.00, plus costs, for the willful infringements. The Court finds this amount to be without support on the record presented.

The applicable provision of the Copyright Act provides:

(c) Statutory Damages.--

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200 . . .

17 U.S.C. § 504.

Initially, the Court notes that there is no *evidence* before it, with respect to the infringements; Plaintiff merely submits an unsworn summary, without dates, which purports to claim every element (text, graphic, menu) on each page of the website as a separate infringement (Doc. No. 86 at 4-5). As set forth above, however, an election of statutory damages applies to *all* infringements, with respect to any one work, and all of the parts of a compilation or derivative work constitute one work. Here, the Complaint asserts as the copyrighted work, the contents of the Diana and Julia websites. A

registration certificate was issued for the work titled "www.MsJulia.com"(with CD ROM disk enclosed) and another registration certificate issued for "www.HotDiana.com" (with CD ROM disk enclosed). Just as each word in a book is not protected by a separate copyright, each element of the website is part of one work and covered by one copyright. Only one penalty lies for multiple infringements of one work. *See* H.R.Rep. No. 1476, 94th Cong., 2d Sess. at 162 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5659, 5778 ("A single infringer of a single work is liable for a single amount . . . no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated or occurred in a related series . . ."). Thus, copying verbatim any part of the website, complete with text, graphics and photographs, constitutes one infringement, not 62. *See e.g. Country Road Music, Inc. v. MP3.com, Inc.,* 279 F. Supp.2d 325 (S.D. N.Y. 2003) (each compact disc that website operator copied to its servers constituted one work); *Walt Disney Co. v. Powell,* 897 F.2d 565 (C.A. D.C. 1990) (statutory damages are to be calculated according to number of works infringed, not the number of infringements). This record, if sworn, would support one infringement of each of Plaintiff's two copyrighted works. Applying the statutory framework and without considering the enhancement for willfulness, at best, this is a claim for no more than $60,000.00.

In this district, the Court considers several factors in exercising its discretion: 1) the expenses saved and profits reaped by the infringer; 2) revenues lost by the copyright holder as a result of the infringement; 3) and the infringer's state of mind, whether willful, knowing, or innocent. *See Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F. 2d 829 (11th Cir. 1990); and *Nick-O-Val Music, Inc. v. P.O.S. Radio Inc.,* 656 F. Supp. 826 (M.D. Fla. 1987). Additionally, the Court is mindful of the purposes of the statutory provisions: restitution, preventing unjust enrichment,

reparation of injury and, notably, deterrence. *Nintendo of America, Inc. v. Ketchum*, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993). Plaintiff sets forth no evidence from which the Court can reasonably weigh these factors (with the exception of the infringer's state of mind) in order to ascertain an appropriate amount of damages.

Absent any evidentiary basis for the determination of damages, the Court finds Plaintiff has failed to "prove up" the unliquidated sums sufficient to warrant entry of a judgment. It is **respectfully recommended** that the motion be **denied, without prejudice** to allowing Plaintiff a final opportunity to set forth, in appropriate evidentiary form, proof of his damages consistent with the above and the applicable law.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 29, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy