**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES PICKETT,**

         **Plaintiff,**

**-vs-**                                    **Case No. 6:05-cv-1128-Orl-31DAB**

**EXECUTIVE PREFERENCE**
**CORPORATION, KIRISTEN MCMANUS**
**and WEBMASTER J,**

         **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR FINAL JUDGMENT (Doc. No. 116)**
>
> **FILED:** **December 27, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice to filing a Bill of Costs.

Plaintiff's motion seeks entry of final judgment, presumably to include costs of the action and an injunction against Defendants. Final judgment, however, has already been entered in this case, and the action closed (Doc. No. 114, 115). The motion should be **denied** to the extent it seeks an additional judgment, without prejudice to filing a Bill of Costs, to be taxed by the Clerk in the normal course, as required by Rule 54(d)(1).

As best the Court can tell, Plaintiff seeks injunctive relief, not sought in his prior motion for entry of default judgment. As grounds for the instant motion seeking *another* judgment, Plaintiff quotes the following: "FRCP, Rule 54(c) allows: 'every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.'" (Doc. No. 116 at p. 2). Notably, Plaintiff misstates the Rule by failing to quote the entire sentence, which provides: "*Except as to a party against whom a judgment is entered by default,* every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." (emphasis added). Here, of course, a default final judgment was entered, making the Rule wholly inapplicable.

To the extent Plaintiff's motion can be construed as a motion to alter or amend the judgment under Rule 59, it is timely, but sets forth no grounds sufficient to explain why such relief has not been waived by Plaintiff's failure to seek injunctive relief in his prior motion for entry of default judgment, or in objection to the Report and Recommendation regarding same.[1] As no grounds are presented, it is **recommended** that the motion (to the extent it seeks either an additional judgment or to alter the existing judgment) be **denied.** With respect to costs, Plaintiff is directed to file a Bill of Costs within five days, for taxation by the Clerk, in the normal course.

---

[1] Plaintiff did seek injunctive relief against "Executive Preferences, Corporation, its officers and directors and any assigns or subsequent individuals either natural or legal" in his Amended Complaint (Doc. No. 51). He did not seek such relief against McManus, individually. He did not seek a judgment for injunctive relief in his motion for default judgment, nor did he object to the lack of such relief, in presenting his objection to the undersigned's Report and Recommendation (which did not provide for injunctive relief) (Doc. No. 111). Notably, in his Objection, Plaintiff made no mention of injunctive relief and only "move[d] the Court to grant the default judgment and award an amount which the court considers just." (Doc. No. 111 at p. 8).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 31, 2007.

*David A. Baker*

      DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy